IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION



| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| AEQUOR MGT, LLC,[1] | § | Case No. 23-60010 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**ORDER CONFIRMING DEBTORS' MODIFIED AMENDED JOINT
NON-CONSOLIDATED PLAN OF LIQUIDATION**

## I.      INTRODUCTION

On February 7, 2024, the Court held a hearing on the confirmation of the *Debtors' Modified Amended Joint Non-Consolidated Plan of Liquidation* [docket no. 177] (the "Plan"), filed and proposed by Aequor Mgt, LLC ("MGT") and Aequor Holdings, LLC ("Holdings" and, with MGT, each a "Debtor" and together, the "Debtors"), the debtors and debtors-in-possession in the above styled and numbered jointly administered bankruptcy case (the "Bankruptcy Case").

On December 11, 2023, the Debtors filed the *Debtors' Amended Joint Non-Consolidated Plan of Liquidation* [docket no. 128] (the "Solicited Plan"), which the Court, by separate order, approved for solicitation.  Thereafter, the Debtors filed their *Debtors' Expedited Motion for Approval of Plan Modification (Modification No. 1)* [docket no. 166] (the "Modification Motion"), by which the Debtors sought approval of the *Debtors' Notice of Plan Modification (Modification No. 1)* [docket no. 165] (the "Modification").  By separate order, the Court granted the Modification Motion, thereby approving the Modification.

 The Plan therefore is the Solicited Plan as modified by the approved Modification.

---

[1]      The jointly-administered chapter 11 Debtors, along with the last four digits of each Debtor's federal tax identification number are: Aequor Mgt, LLC (2916) and Aequor Holdings, LLC (0273).

ORDER  CONFIRMING  DEBTORS'  MODIFIED  AMENDED  JOINT  NON-CONSOLIDATED  PLAN  OF
LIQUIDATION—Page 1

Capitalized terms used below but not defined in this Order have the meanings assigned to them in the Plan.

Based on the hearing on the Plan and all evidence admitted into the record, and the arguments of counsel, and all applicable law, and taking judicial notice of the Bankruptcy Case and all documents filed on the docket thereof, and the agreements of the parties put on the record of the Bankruptcy Case and as effectuated through this Order, the Court hereby enters the following findings of fact and conclusions of law and Order confirming the Plan.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On January 5, 2023 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), thereby initiating their respective bankruptcy cases, jointly administered for procedural purposes as the Bankruptcy Case, and creating their bankruptcy estates (the "Estates").

2. The Debtors filed the Bankruptcy Case in good faith, with an honest intention to reorganize or to liquidate for the benefit of their creditors.

3. The Debtors have managed the Estates throughout this Bankruptcy Case as debtors-in-possession.  No trustee or examiner has been appointed in the Bankruptcy Case.

4. The United States Trustee has appointed an official committee of unsecured creditors in the MGT case (the "Committee").

5. On December 13, 2023, the Court entered its *Order Approving Debtors' Amended Disclosure Statement; Fixing Time for Filing Acceptances or Rejections of Debtors' Proposed Amended Chapter 11 Plan of Reorganization and/or Objections to Confirmation of the Debtors' Proposed Plan and Setting Hearing to Consider Confirmation of Debtors' Proposed Chapter 11 Plan of Reorganization* [docket no. 135] (the "Solicitation Order").

---

6.      Pursuant to the Solicitation Order, the Debtors and the Committee filed the *Stipulation Between the Debtors and the Committee Regarding the Form of Solicitation Materials* [docket no. 148], which further approved the form of solicitation materials pursuant to the Solicitation Order.

7.      The Debtor complied in all respects and timely with all requirements in the Solicitation Order, including by timely and appropriately sending ballots for the Plan to all creditors entitled to vote thereon.

8.      All creditors and parties-in-interest have had proper and sufficient notice, time, and opportunity to vote on the Plan and to object to the Plan.

9.      With respect to Holdings, each impaired Class under the Plan (except Class 7) affirmatively accepted the Plan by voting in favor of the Plan.

10.     With respect to MGT, Class 1 is not impaired and is deemed to accept the Plan. Class 2 is impaired and no votes in Class 2 on the Plan were cast.  However, the Court finds and concludes that the treatment of Class 2 is fair and equitable under section 1129(b) of the Bankruptcy Code, and that the Plan otherwise complies in all respects with all cramdown requirements of the Bankruptcy Code with respect to Class 2.  Class 3 is impaired and affirmatively accepted the Plan by voting for the Plan.   Class 4 is impaired and affirmatively accepted the Plan by voting for the Plan.  Class 5 is impaired under the Plan and no votes in Class 5 were cast on the Plan.  However, the Plan's treatment of Class 5 complies with all applicable provisions of the Bankruptcy Code and, to the extent that resort to cramdown under section 1129(b) of the Bankruptcy Code is required with respect to Class 5, the Plan complies with all such cramdown requirements.  Class 6 is impaired and affirmatively accepted the Plan by voting for the Plan.

11.     Class 7 under the Plan for each Debtor is impaired and retains or receives nothing under the Plan and is deemed to have rejected the Plan.  To the extent the cramdown of Class 7

under section 1129(b) of the Bankruptcy Code is required to confirm the Plan, all requirements for the same are satisfied.

12.     The Plan complies with the applicable provisions of the Bankruptcy Code.  The requirements of section 1129(a)(1) of the Bankruptcy Code are therefore satisfied.  The Debtors have complied with the terms of the Solicitation Order and the applicable provisions of the Bankruptcy Code.  The requirements of section 1129(a)(2) of the Bankruptcy Code are therefore satisfied.

13.     The Plan has been proposed in good faith and not by any means forbidden by law as required by section 1129(a)(3) of the Bankruptcy Code. The Debtors have proposed the Plan with the legitimate and honest purpose of making distributions to the creditors.  The Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code. The Plan is the result of good faith, arms-length negotiations among the Debtors and their creditors, including the Committee.  To the extent of any compromises and settlements provided for in the Plan, the same comply with Bankruptcy Rule 9019, to the extent applicable

14.     Any payment made or to be made by the Debtors, for services or for costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of the Bankruptcy Court as reasonable, as required by section 1129(a)(4) of the Bankruptcy Code.

15.     The Plan identifies all postconfirmation management and compensation thereof of the Debtors, and therefore satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

16.     The Plan does not provide for a "rate change" as contemplated by section 1129(a)(6) of the Bankruptcy Code, and therefore, section 1129(a)(6) does not apply to the Plan.

17.     With respect to each impaired class of claims or equity interests, (a) each holder of a claim or equity interest of such class has either accepted the Plan, or (b) will receive or retain

under the Plan on account of such claim or equity interest, property of a value, as of the Effective Date, that is not less than the amount that the holder would so receive or retain if the applicable Debtor was liquidated under chapter 7 of the Bankruptcy Code. The requirements of section 1129(a)(7) of the Bankruptcy Code are therefore satisfied.

18.     Section 1129(a)(8) of the Bankruptcy Code requires that, with respect to each class of claims or interests, such class has either accepted the Plan or is not impaired under the Plan. Based on the findings above, section 1129(a)(8) for each impaired Class is met or, if resort to cramdown under section 1129(b) for any given Class is required, all such requirements of cramdown are satisfied.

19.     Section 1129(a)(9) of the Bankruptcy Code provides for the treatment of claims entitled to priority under sections 507(a)(l)-(8) of the Bankruptcy Code. Under section 1129(a)(9)(A) of the Bankruptcy Code, holders of section 507(a)(2) and (a)(3) claims must receive cash equal to the allowed amount of such claim. Section 1129(a)(9)(B) provides that, except to the extent the holder of a claim has otherwise agreed to a different treatment, holders of section 507(a)(1) and (a)(4)-(a)(7) claims must receive deferred cash payments of a value equal to the allowed amount of such claims if the class has accepted the Plan or, if not, cash equal to the allowed amount of such claim.  Under section 1129(a)(9)(C)-(D) of the Bankruptcy Code, holders of claims under section 507(a)(8) or secured tax claims must receive regular installment payments in cash, (a) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; (b) over a period ending not later than 5 years after the date of the order for relief under sections 301, 302 or 303; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan.  The Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code including, to the extent necessary or appropriate, by estimating claims within such priority classes as provided for in section 502(c) of the Bankruptcy Code.

20.     Section 1129(a)(10) of the Bankruptcy Code provides that if one or more classes of claims is impaired under a plan, at least one class must have accepted the plan, without including any votes of insiders.  Various Impaired Classes voted to accept the Plan.  The Plan therefore satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

21.     The Plan is feasible within the requirements of section 1129(a)(11) of the Bankruptcy Code because the Plan contemplates the liquidation of the Debtors and the Estates.

22.     Bankruptcy Code sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) do not apply to the Debtors and are therefore inapplicable.

23.     The primary purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such purpose. Therefore, the Plan complies with section 1129(d) of the Bankruptcy Code.

24.     The Plan, insofar as it is a modification of its predecessor as originally solicited, complies with sections 1127(a) and 1127(b) of the Bankruptcy Code and, with respect to all Classes under the Plan, does not require any resolicitation as the treatment of each such Class is not affected by such modification or is improved by such modification.  Thus, sections 1127(c) and 1127(d) of the Bankruptcy Code are met.

25.     Two objections to confirmation of the Plan were filed.  Culberson Co-Allamoore ISD and Culberson County filed an objection, which is resolved and withdrawn through agreed language in this Order, as evidenced by the signatures of counsel below.  The United States of America for the Internal Revenue Service filed an objection, which is resolved and withdrawn through agreed language in this Order, as evidenced by the signatures of counsel below.  Therefore, the Plan is not contested.

26.     The Court has jurisdiction over the Bankruptcy Case and the Plan under 28 U.S.C. § 1334.  Such jurisdiction is core under 28 U.S.C. § 157(b)(2).  Venue of the Bankruptcy Case before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

27.     The Court has the authority to enter this Order and to confirm the Plan under, among other statutes, sections 1129(a), 1129(b), 1141, 1142, and 105(a) of the Bankruptcy Code.

28.     The confirmation of the Plan and the entry of this Order shall not divest the Court of any jurisdiction that it otherwise has with respect to any pending matter, pending or not, filed or not, provided for in the Plan and the Disclosure Statement, and the Court shall reserve all such jurisdiction to the maximum extent possible including to interpret and enforce the Plan, aid in the liquidating of the Debtors and the Estate, and hear all disputes regarding the same.

## III.   ORDER

ACCORDINGLY, based on the foregoing and on the record of this Bankruptcy Case and the confirmation hearing, and on any additional findings of fact or conclusions of law announced by the Court at the confirmation hearing, it is hereby:

ORDERED that the Plan is CONFIRMED; it is further

ORDERED that the Plan shall not become effective unless and until the Effective Date occurs as provided for in the Plan, and subject to all conditions precedent to its occurrence in the Plan; it is further

ORDERED that the Debtors do not receive a discharge under the Plan; it is further

ORDERED that as of the Effective Date all property of the Debtors and the Estates shall vest, either in the respective Debtor or in the creditor such property is transferred to under the Plan, free and clear of all claims, liens, interests, and encumbrances, except for such claims, liens, interests and encumbrances created by or preserved by the Plan, and then only to the extent the same made be modified by the Plan and, without limiting the generality of the foregoing:

(i)      the transfer of the ITX Equipment and the Remaining MGT Equipment to ITX as provided for in section 4.3 of the Plan shall be free and clear of all liens, claims, interests and encumbrances, save and except only otherwise proper business personal property *ad valorem* tax claims and tax liens of Culberson-Allamoore ISD and Culberson County, including to secure all postpetition and post-Effective Date interest payable on the same;

(ii)      the transfer of the Proterra Interests to Castlelake as provided for in section 4.4 of the Plan shall be free and clear of all liens, claims, interests and encumbrances; and

(iii)      the re-vesting of the Burro Mine as provided for in section 5.4 of the Plan, and its subsequent sale or transfer, and any proceeds from the same, shall be free and clear of all liens, claims, interests and encumbrances, save and except only those of Castlelake and *ad valorem* tax claims and liens of Culberson-Allamoore ISD and Culberson County including to secure all postpetition and post-Effective Date interest payable on the same,

and that it shall be a violation of the Plan and this Order for any other creditor to assert any other claim or lien arising before the Effective Date against any such property; it is further

ORDERED that the Plan and this Order shall be binding on all creditors and parties-in-interest in the Bankruptcy Case or against the Debtors, the Estates, or their property, and on all equity interest holders in the Debtor, and on all holders of any interest, including *in rem* interests, in the Debtors or their property, whether or not the same filed any proof of claim or interest, and whether or not the same voted on, or accepted, the Plan, or is impaired under the Plan; it is further

ORDERED that this Order may be recorded against any real or personal property of the Debtors with any applicable governmental unit, in which event this Order shall constitute notice of this Order and the Plan on all affected persons, *in personam* and *in rem*, and each governmental unit is ordered and commanded to accept this Order for such recordation; it is further

ORDERED that the Debtors and their agents are authorized to undertake all actions necessary or advisable to implement the Plan and to negotiate, execute, and deliver such documents and instruments as the Plan provides for or as are necessary for the occurrence of the Effective Date; it is further

ORDERED that all deadlines contained in the Plan are approved and shall constitute deadlines set by this Court through this Order; it is further

ORDERED that all injunctions contained in the Plan, including as appearing in Article VIII of the Plan, and all exculpations contained in sections 8.4 and 8.5 of the Plan, are approved and shall constitute injunctions and exculpations of this Court; it is further

ORDERED that all claims and causes of action against any of the Released Parties arising at any time prior to the Effective Date and held by the Debtors or the Estates are forever waived and released by the Debtors and the Estates, including for any alleged breach of fiduciary duty, preference, fraudulent transfer, or *alter ego* or other veil piercing, and that any creditor who may have been able to assert, file, or pursue any such claim or cause of action outside of bankruptcy is forever barred and enjoined from asserting, filing, or pursuing the same, *provided, however,* that, for the avoidance of doubt, the foregoing injunction does not apply to any claim or cause of action that is personal to the creditor and that the Debtors or the Estates could not have asserted; it is further

ORDERED that the automatic stay provided by section 362(a) of the Bankruptcy Code shall remain in effect through the Effective Date, unless modified or terminated by separate order of the Court, and subject to the filing of any future motion seeking any such modification or termination, whether all applicable injunctions contained in the Plan shall control; it is further

ORDERED that, in the event of any inconsistency between the Plan and this Order, this Order shall control; it is further

---

ORDER CONFIRMING DEBTORS' MODIFIED AMENDED JOINT NON-CONSOLIDATED PLAN OF LIQUIDATION—Page 9

ORDERED that the failure to include specifically any particular provision of the Plan in this Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent that the Plan is confirmed in its entirety; it is further

ORDERED that the Plan's retention of jurisdiction, claims, and causes of action provisions are lawful and appropriate, and that all claims and causes of action of the Debtors and the Estates, whether asserted or not, and whether listed in the Plan or Disclosure Statement or not, including to take discovery under Bankruptcy Rule 2004, are preserved notwithstanding the entry of this Order, except to the extent expressly released in the Plan, and that no doctrine of preclusion, including *res judicata*, collateral estoppel, or judicial estoppel shall apply to any such retained claim and cause of action; it is further

ORDERED that, in addition to the above, the Court shall retain all jurisdiction and authority to aid the Debtors in the implementation of the Plan, including under section 1142(b) of the Bankruptcy Code; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and to enforce the Plan, to aid in the Plan's consummation, to grant such relief from the Plan as may be appropriate, over all matters (whether filed or not filed) that the Plan provides for the retention of such jurisdiction over, and over all other matters over which the Court has jurisdiction; it is further

ORDERED that within two (2) Business Days of the entry of this Order, the Debtors shall serve a copy of this Order on all persons served pursuant to the Solicitation Order and shall file proof of such service on the docket; it is further

ORDERED that, notwithstanding the provisions of Bankruptcy Rule 6004(h), Bankruptcy Rule 3020(e), or any other rule, this Order shall be effective and enforceable immediately upon its

entry, but the Plan will become effective only upon the occurrence of the Effective Date as provided

for in, and conditioned by, the Plan; it is further

ORDERED that Class 2 pertains to the secured *ad valorem* tax claims of Culberson-

Allamoore ISD and Culberson County ("Secured Property Tax Claims").  Except as otherwise

provided in this Order, the Secured Property Tax Claims shall be paid from the sale of the respective

property and such sale must close on or before December 31, 2025.  Upon sale of the respective

property, the corresponding *ad valorem* tax lien for prepetition and any postpetition *ad valorem*

taxes, including all accrued penalties and interest, shall attach to the sales proceeds of such property

and shall be paid in full immediately upon closing by the closing agent prior to disbursement of any

cash proceeds of the sale to any other person or entity and the *ad valorem* tax lien for the then

current year, if not paid in full at closing, shall be retained against the sold real property and shall

be assumed by the respective buyer who shall be liable to pay said *ad valorem* taxes as is otherwise

appropriate.  Prepetition interest shall accrue at that statutory rate of twelve percent (12%) per

annum from the Petition Date to the Effective Date and postconfirmation interest will accrue at the

rate of twelve percent (12%) per annum from the Effective Date until said taxes are paid in full and

any accrued statutory penalties shall be paid in full at closing; it is further

ORDERED that the Debtors may pre-pay the prepetition tax debt to Culberson-Allamoore

ISD and/or Culberson County ("Tax Authorities") at any time.  The Debtors shall have ninety (90)

days from the Effective Date to object to the Culberson-Allamoore ISD and/or Culberson County

claims; otherwise, these claims shall be deemed as Allowed Secured Claims.  Culberson-Allamoore

ISD and Culberson County shall retain their statutory liens securing their prepetition and any

postpetition tax debts until such time as the debts are paid in full.  As an additional condition

precedent to the Effective Date, in addition to all other such conditions precedent, the Debtors shall

escrow the amount of Thirty-eight Thousand One Hundred Ninety-nine and 50/100th Dollars

($38,199.50) (the "Escrow Funds") on or before the Effective Date as adequate protection for the estimated year 2024 ad valorem taxes of Tax Authorities on the Burro Mine. The Escrow Funds shall be on the order of adequate protection and shall constitute neither the allowance of the claims of the Tax Authorities, nor a cap on the amounts the Tax Authorities may be entitled to receive for the actual amount of year 2024 ad valorem taxes ultimately assessed. The Escrow Funds shall be deposited to the IOLTA account of Linebarger Goggan Blair and Sampson, LLP, to hold in trust for the Tax Authorities and to be applied to the year 2024 ad valorem taxes once those taxes are due without further order of this Court. The source of the Escrow Funds shall be the portion of the Settlement Funds to which Castlelake is entitled under the Plan. Castlelake shall have the sole lien and right to any refund of any portion of the Escrow Funds. Should the 2024 ad valorem taxes be paid from any sale of the Burro Mine or otherwise assumed by any such buyer prior to December 31, 2024, and said taxes therefore be paid or otherwise satisfied, the Escrow Funds shall be promptly released to Castlelake; it is further

ORDERED that Culberson-Allamoore ISD and Culberson County are not required to file administrative expense claims and/or requests for payments of any post-petition ad valorem taxes pursuant to 11 U.S.C. §503(b)(1)(D); it is further

ORDERED that, in the event the sale of the Burro Mine does not close on or before December 31, 2025, or should the Debtor default regarding the deposit of the Escrow Funds, Culberson-Allamoore ISD and Culberson County may, without further order of this court or notice to the Debtors, pursue all of their rights and remedies available to them under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed on the subject property; it is further

ORDERED that, no later than February 9, 2024, MGT shall file its 2021 and 2022 tax returns with the Internal Revenue Service and shall, contemporaneously therewith, send to the

undersigned counsel for the United States proof of such filing and a true and correct copy of such returns, and shall, no later than one business day thereafter, send to such counsel appropriate and relevant underlying work papers used to prepare said returns; it is further

ORDERED that, provided that MGT timely does so, then the United States may, but is not required to, file a notice on the docket of the Bankruptcy Case no later than fourteen (14) days from the date of such filings and transmission of such documents to it, stating its good faith belief that MGT owes more than $100,000.00 in taxes, in the aggregate, for any periods within the three-year priority lookback period of 11 U.S.C. § 507(a)(8)(A)(i) (*e.g.*, tax years 2020, 2021, and/or 2022) (and stating such estimated amounts), in which case the Effective Date shall not occur and the Debtors may not declare it to have occurred, and all parties may seek such further relief from the Court regarding such taxes, the Plan, and this Order as may be appropriate, and, if the United States files a notice that less than $100,000.00 in such aggregate taxes is allegedly owing for the periods within the three-year priority lookback period of 11 U.S.C. § 507(a)(8)(A)(i) (*e.g.*, tax years 2020, 2021, and/or 2022), then MGT shall escrow the amount of such taxes upon reasonable agreement with the United States, which escrowed amount shall come from the portion of the Settlement Funds to which Castlelake is entitled under the Plan, and the Effective Date may occur only upon such escrow; provided, however, that in no event will the United States' assertion of any such taxes as owing be binding on the Debtors and all parties reserve all rights with respect to the same; it is further

ORDERED that Holdings shall escrow the amount set forth on the IRS' proof of claim (Claim #1, filed February 15, 2023) for the estimated unpaid employment and income taxes set forth thereon until Holdings files all unfiled tax returns (including Form 940, 941 and 1120-S) with the IRS, and the IRS files an amended proof of claim reflecting that all required unfiled tax returns for all prepetition and postpetition tax periods have been filed and processed by the IRS; it is further

ORDERED that notwithstanding the Plan provision at Article 5.3 providing for certain releases, the Plan is modified to provide that Article 5.3 and any other provision of the Plan that seeks to release any person, including any Released Person (defined at Article 1.2), shall not apply to the United States with respect to any person who is determined to be a responsible person pursuant to 26 U.S.C. § 6672, and no such person shall be released from any liability under 26 U.S.C. § 6672 for any unpaid employee trust fund taxes and the assessment against any such person of a trust fund recovery penalty for any prepetition or postpetition tax period; it is further

ORDERED that notwithstanding the Plan provision at Article 7.6 prohibiting the filing of an amended claim after the Confirmation Date unless the creditor receives bankruptcy court approval, due to numerous unfiled tax returns by the Debtors, the United States may amend its proofs of claim and/or file an administrative claim to increase or decrease the amount and/or include a tax period(s), whether or not previously listed on a proof of claim and/or administrative claim following the filing of a tax return(s) for said tax period(s), and such amendment shall be treated as a timely-filed claim.  Further, the United States is not barred from filing a proof of claim and/or filing an administrative claim after any applicable bar dates or the Confirmation Date if it is determined by the United States that a tax return was required to be filed, but was not filed, and said proof of claim and/or administrative claim shall be deemed timely filed; it is further

ORDERED that nothing in this Order, and no implicit finding of fact or conclusion of law regarding the confirmation of the Plan, prejudices any issue or any party's rights with respect to the allowance or disallowance of IRS Claim No. 3 filed against (MGT), including as amended, and all parties reserve all such rights, and the allowance or disallowance thereof shall be decided by separate order.

SO ORDERED.

Signed on 02/23/2024

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

AGREED:

| | |
|---|---|
| MUNSCH HARDT KOPF & HARR, P.C.<br><br>By: /s/ Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Thomas D. Berghman, Esq.<br>Texas Bar No. 24082683<br>3800 Ross Tower<br>500 N. Akard Street<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br><br><br>ATTORNEYS FOR THE<br>DEBTORS-IN-POSSESSION | By:  /s/ Don Stecker *(w/ permission)*<br>David G. Aelvoet (SBN 00786959)<br>DavidA@lgbs.com<br>Don Stecker<br>Don.Stecker@lgbs.com<br>LINEBARGER GOGGAN<br>BLAIR & SAMPSON, LLP<br>112 E. Pecan Street, Suite 2200<br>San Antonio, Texas 78205<br>Telephone: (210) 225-6763<br>Fax: (210) 225-6410<br><br>COUNSEL FOR CULBERSON CO-<br>ALLAMOORE ISD AND CULBERSON<br>COUNTY |
| DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br><br>/s/  /s/ Robert L. Graham *(w/ permission)*<br>DAVID G. ADAMS<br>State Bar No. 00793227<br>ROBERT L. GRAHAM<br>State Bar No. 24127305<br>Attorney, Tax Division<br>U.S. Department of Justice<br>717 N. Harwood St., Suite 400<br>Dallas, Texas 75201<br>Phone: (214) 880-9737/9734<br>Fax: (214) 880-9742<br>david.g.adams@usdoj.gov<br>robert.l.graham@usdoj.gov<br><br>ATTORNEYS FOR THE UNITED STATES<br>(IRS) | |